UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Mark Brown and Patricia Brown., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   No. 3:24-cv-00025-JRG-DCP |
| | ) |
| Wheaton Van Lines, Inc.; Quality Moving Service, Inc., Jack Wagner, Nate Sampson and Sean Yelm, | ) |
| | ) |
|     Defendants. | ) |

DEFENDANT WHEATON VAN LINES, INC.'S ANSWER

Comes the Defendant Wheaton Van Lines, Inc. and for response to Plaintiffs' Complaint would state as follows:

**A. Answer to Complaint**

1. Defendant admits that it is a corporation formed under the laws of the State of Indiana and is a citizen of Indiana, and that it is engaged in the business of transportation across the United States, including in the State of Tennessee and Knoxville, Tennessee.

2. The averments in paragraph 2 of the Complaint pertain to another Defendant and are neither admitted nor denied.

3. In response to the averments in paragraph 3 of the Complaint, Defendant admits that Plaintiffs contracted with it to transport their belongings from New York to Knoxville, Tennessee, pursuant to said contract.

4. The averments in paragraph 4 of this Complaint are denied.

5. The averments in paragraph 5 of this Complaint are denied. McGuire Moving & Storage, Inc., based in St. Louis, Missouri employed Sean Yelm and in turn Jack Wagner and Nate Sampson.

[AS 25854/1333548]      1      [Wheaton Answer]

Case 3:24-cv-00025-JRG-DCP    Document 10    Filed 04/24/24    Page 1 of 8    PageID #: 36

6. In response to the averments in paragraph 6 of the Complaint, Defendant denies that it assured Plaintiffs that all the drivers and movers were bonded and background checks were performed on each individual. Defendant is without sufficient knowledge or information to form a belief with respect to the averments in paragraph 6 of the Complaint regarding Quality Moving and Storage.

7. In response to the averments in paragraph 7 of the Complaint, see response to paragraph 6 above. Further, in response to paragraph 7 of the Complaint, the move was assigned (or dispatched) by Wheaton Van Lines, Inc. to be hauled by Sean Yelm. Sean Yelm was background checked by McGuire Moving & Storage, Inc. and Wheaton Van Lines, Inc. as part of his qualification process. McGuire Moving & Storage, Inc. is a reputable moving company. Jack Wagner was certified by Mago to Sean Yelm, which certifies movers to moving companies. This Defendant is without sufficient knowledge or information to form a belief with respect to the remaining averments in paragraph 7 of the Complaint.

8. The averments in paragraph 8 of the Complaint are denied.

9. The averments in paragraph 9 of the Complaint are denied.

10. The averments in paragraph 10 of the Complaint pertain to another Defendant and Defendant is without sufficient knowledge or information to form a belief with respect to those averments. Insofar as the averments in paragraph 10 of the Complaint assert that Defendant is liable for and/or damaged personalty owned by Plaintiffs, those averments are denied. Any and all averments not heretofore admitted are denied.

11. The averments in paragraph 11 of the Complaint pertain to another Defendant and Defendant is without sufficient knowledge or information to form a belief with respect to those averments. Insofar as the averments in paragraph 11 of the Complaint assert that Defendant is

liable for and/or stole multiple pieces of jewelry and other valuable belongings of the Plaintiffs, those averments are denied. Any and all averments not heretofore admitted are denied.

12. The averments in paragraph 12 of the Complaint are denied.

13. The averments in paragraph 13 of the Complaint are denied.

14. The averments in paragraph 14 of the Complaint are denied.

15. The averments in paragraph 15 of the Complaint are denied.

16. The averments in paragraph 16 of the Complaint are denied.

17. The averments in paragraph 17 of the Complaint are denied.

18. The averments in paragraph 18 of the Complaint are denied.

19. The averments in paragraph 19 of the Complaint pertain to another Defendant and Defendant is without sufficient knowledge or information to form a belief with respect to those averments. Insofar as the averments in paragraph 19 of the Complaint assert that Defendant is liable for and/or committed theft in violation of Tennessee Code Annotated § 39-14-103, those averments are denied. Any and all other averments not heretofore admitted are denied.

20. The averments in paragraph 20 of the Complaint pertain to another Defendant and Defendant is without sufficient knowledge or information to form a belief with respect to those averments. Insofar as the averments in paragraph 20 of the Complaint assert that Defendant is liable for and/or committed the tort of conversion of property of another, those averments are denied. Any and all other averments not heretofore admitted are denied.

21. No discovery has occurred and this Defendant at this time can neither admit nor deny the averments of this paragraph and therefore in accordance with the Tennessee Rules of Civil Procedure, same are denied.

22. The averments in paragraph 22 of the Complaint are denied.

23. The averments in paragraph 23 of the Complaint are denied. Further said averments fail to set forth specific facts or details to support a claim for punitive damages and fail to set forth a claim for which punitive damage relief may be granted under Tennessee law.

24. The averments in paragraph 24 of the Complaint are denied.

25. The averments in paragraph 25 of the Complaint are denied.

26. The averments in paragraph 26 of the Complaint are denied.

27. The averments in paragraph 27 of the Complaint are denied.

28. The averments in paragraph 28 of the Complaint are denied.

29. The averments in paragraph 29 of the Complaint are denied. Further the averments of this paragraph fail to specifically plead as to this claim or to set out a specific provision of said act and therefore same fails to state a claim for which relief may be granted.

30. In response to the averments in the remainder of the Complaint, it is denied that Defendant is liable to Plaintiffs for damages and costs sought or for any damages whatsoever, under the theories alleged in the Complaint, or under any other legal theory.

31. All other averments in the Complaint not heretofore admitted, denied, or otherwise responded to are here and now denied.

**B. <u>Defenses</u>**

32. Defendant denies that it is liable to Plaintiffs for the relief or damages sought or for any relief whatsoever, under the theories alleged or any other theory, and demands that this case be dismissed at Plaintiffs' cost.

33. In response to paragraph 10 of the Complaint and references to damaged personalty, Defendant asserts that it is not liable for damages claimed by Plaintiffs pursuant to 49

U.S. Code § 14706(e), wherein Plaintiffs failed to timely file a claim for damages sought in this lawsuit as set forth in the Carmack Amendment.

34. In response to paragraph 10 of the Complaint and references to damaged personalty, Defendant asserts that it is not liable for damages pursuant to the contract, because Plaintiffs failed to timely file a claim for damages as expressly agreed to in the contract.

35. Further, in response to paragraph 10 of the Complaint and references to damaged personalty, Plaintiffs have failed to fulfill all conditions precedent to filing suit. Specifically, filing a claim within the nine-month timeframe is a condition precedent to filing suit. *See Consolidated Rail Corp. v. Primary Industries Corp.*, 868 F. Supp. 566, 577 (S.D. NY 1994); *see also Ry. Express Agency v. Gen. Shoe Corp.*, 276 S.W.2d 725 (Tenn. 1955). Plaintiffs failed to timely file a claim for items lost or damaged pursuant to the Carmack Amendment; thus, Plaintiffs have not complied with all conditions precedent to file suit for said claim and damages.

36. Defendant asserts that it is not liable for damages claimed by Plaintiffs pursuant to 49 U.S. Code § 14706(f), including to the extent damages sought by Plaintiffs are limited in accordance with a written declaration or by a written agreement.

37. Defendant asserts that Plaintiffs' claims and damages must be limited in accordance with any contractual limitation of damages.

38. Defendant asserts that Plaintiffs are not entitled to recover attorneys' fees pursuant to the Carmack Amendment. *See, e.g.*, 49 U.S. Code § 14706 *et seq.*

39. Without an admission of fault or liability to Plaintiffs, Defendant affirmatively pleads and relies upon the Defense of Modified Comparative Fault based upon allegations in the Complaint that co-defendants are at fault, and, accordingly, the jury should consider fault of those parties and assign fault, if any, that may be shown by the evidence. Defendant avers that its

liability, if any, is limited by the law of modified comparative fault to that percentage of the total fault that may be contributed to it.

40. McGuire Moving & Storage, Inc. employed Sean Yelm and retained through Sean Yelm the services of the Defendants Jack Wagner and Nate Sampson.

41. Defendant asserts that it is not responsible for theft and conversion by any co-defendant under any agency and/or *respondeat superior* and/or any other similar theory, on the basis that said acts constitute willful and/or tortious acts by another, which would be outside the course and scope of any employment, agency, or similar theory. Further, Defendant would not be liable because it did not ratify said tortious and/or willful conduct, including the alleged theft and conversion. Further this Defendant relies upon all defenses or provisions of the Carmack Amendment. *See, e.g.*, 49 U.S. Code § 14706 *et seq* as well as its limitations upon state law and state law remedies, as said act provides the exclusive remedy.

42. Defendant asserts that it is not responsible for theft and/or criminal actions by third-parties, including as to any other co-defendant in this matter, under any agency and/or *respondeat superior* and/or any other similar theory, because said conduct constitutes criminal actions by another, and said conduct or its intention were not known to Defendant, and Defendant did not know or have reason to know that said acts were occurring or were going to occur.

43. Further, and without admitting any liability whatsoever to Plaintiffs, Defendant relies upon the defense of lack of proximate cause.

44. Defendant may rely upon further defenses that may be determined during the discovery of this civil action and reserves the right to amend its Answer to assert these defenses, subject to the approval of the Court.

45. This Defendant would aver that the Plaintiffs' claim for Punitive Damages is not well pled and fails to set forth specific facts for the recovery of Punitive Damages as to this Defendant. The Carmack amendment bars such a claim. Further this Defendant relies upon all defenses and provisions of T.C.A. § 29-39-104. Further the claim for punitive damages violates the rights of the Defendant under both the Tennessee and United States Constitution; specifically but not limited to the due process clause; excessive fines; void for vagueness; fair notice as well as other doctrines.

46. The Plaintiffs' claim under TCA § 47-18-101 fails to state a claim for which relief may be granted. Same is barred under the Carmack Amendment. Further, no specific provision is referenced. Further Plaintiffs fail to plead with specificity any basis for relief. No private right of action exists based upon the averments as set forth in the complaint.

47. Defendant reserves the right to amend its Answer in accordance with the Federal Rules of Civil Procedure and/or any Order of this Court.

**C. Prayer**

WHEREFORE, PREMISES CONSIDERED, Defendant, Wheaton Van Lines, Inc. prays that Plaintiffs take nothing by their lawsuit against Defendant, and that their causes of action be dismissed with prejudice as to this Defendant, that this Defendant recover its costs, including its discretionary costs and reasonable attorneys' fees, and for such further and other relief as to which it may be entitled.

## COUNTERCLAIM

To the extent Plaintiffs assert a claim pursuant Tenn. Code Ann. § 47-18-101 *et seq.*, in the event the Court finds this Defendant, now Counter-Plaintiff, to be a prevailing party, this

Defendant asserts its right to recover its costs, including attorney fees and such other relief under the act.

Respectfully submitted this 24th day of April, 2024.

    /s/James C. Wright
James C. Wright (BPR # 009285)
Dylan P. Fink (BPR # 040217)
Butler, Vines and Babb, PLLC
*Attorneys for Defendant*
2701 Kingston Pike
Knoxville, TN 37919
865-244-3902 | 865-244-3920
jwright@bvblaw.com
dfink@bvblaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing pleading has been served upon the following by hand delivery, facsimile, e-mail and/or by placing same in the United States Mail, first-class postage to carry same to its destination.

T. Scott Jones
Chris W. Beavers
Banks & Jones
2125 Middlebrook Pike
Knoxville, TN 37921

This 24th day of April, 2024.

By:   /s/James C. Wright